NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY *vs.* HELEN I. MURRAY *et al.*

JANUARY 8, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a bill in equity, brought against the beneficiary of a policy of life insurance issued by complainant upon the life of one Fallon, now deceased, and against the administrator of his estate. The bill prays that said policy be returned to complainant for cancellation; that it be declared null and void and that respondents be enjoined from transferring or bringing suit thereon. After hearing on bill, answer and proof, a decree was entered granting complainant's prayer and the cause is before us on respondents' appeal from this decree upon the grounds that the findings and the decision are against the law, the evidence and the weight thereof.

The bill alleges that the insured in his written application attached to the policy falsely answered certain questions with intent to deceive and defraud the complainant; that said false answers were material to the risk to be assumed by the complainant; that, relying upon the statements and representations made in said application, complainant issued and delivered said policy, and that the subject matter of the questions and false answers given thereto contributed to the contingency or event upon which the policy became due and payable, namely, the death of said Fallon.

The statements made by Fallon in the application in reply to questions regarding his physical condition and history

upon which the above allegations were based are in substance: that he had not since childhood had high blood pressure, or been confined to the house by illness or been attended by a physician; and that he was at present in good health and had no family physician.

The application for the policy was filed September 24 and the policy was issued September 30, 1929. On April 26, 1930, Fallon died from a cerebral hemorrhage. Complainant introduced evidence to show that on April 25, 1929, Fallon had visited a physician who informed him that his blood pressure was above normal, and that three times thereafter before signing the application for insurance Fallon called upon the physician for treatment of this condition. Complainant also introduced medical testimony to the effect that the cerebral hemorrhage which caused Fallon's death was undoubtedly due to high blood pressure.

The respondents in defense urge that the ailment for which Fallon was treated by said physician was only a slight and temporary indisposition; that the physician failed to find any high blood pressure and did not consider Fallon's condition alarming; that Fallon, by continuing preparations for his marriage, indicated that he did not regard his condition as serious and that he refused to take an insurance policy of a value exceeding $2,000, all of which circumstances, they contend, tend to show an absence of any fraud on the part of Fallon.

The court below in its rescript stated: "There is no question that the . . . answers were false." The evidence supports this finding.

In *Columbian National Life Ins. Co.* v. *Industrial Trust Co.*, 53 R. I. at 341, this court held that the failure of the insured to disclose his illness and the securing of insurance thereby was fraud. In *Prudential Ins. Co.* v. *Tanenbaum*, 53 R. I. at 360, the court said: "Complainant was entitled to receive correct information as to applicant's prior treatment by physicians so it could decide upon the information given by these physicians, or otherwise, whether it would accept

the risk." And at 361: "The fact that a specific answer is sought by the insurer in an application for an insurance policy makes that answer material. When such an answer is untrue the policy will ordinarily be forfeited."

It is apparent that the false answers were made with knowledge of their falsity and were material to the risk assumed by complainant, and there is also convincing evidence that high blood pressure, an affliction which was the subject of specific inquiry in one of the questions, contributed to the death of said Fallon, the contingency upon which the policy became due and payable. This evidence was sufficient to support the decision of the trial court.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Sherwood & Clifford, Sidney Clifford,* for complainant.

*Edward F. McElroy, Peter W. McKiernan, John C. Going, Ernest L. Shein,* for respondents.

